IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN GAYE PIETY FOLEY, | : |
| Plaintiff, | : |
| v. | : No. 2:22-cv-01777-GEKP |
| DREXEL UNIVERSITY, et al., | : |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Plaintiff's "Emergency Motion and Supporting Brief to Extend All Deadlines and Impose a Discovery Schedule on the Parties so that Plaintiff May Complete Discovery" (doc. 71), and the Drexel Defendants' Response in Opposition to Plaintiff's Motion, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
Gene E. K. Pratter, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN GAYE PIETY FOLEY, | : |
| Plaintiff, | : |
| v. | : No. 2:22-cv-01777-GEKP |
| DREXEL UNIVERSITY, et al., | : |
| Defendants. | : |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S "EMERGENCY MOTION AND SUPPORTING BRIEF TO EXTEND ALL
DEADLINES AND IMPOSE A DISCOVERY SCHEDULE ON THE PARTIES SO THAT
PLAINTIFF MAY COMPLETE DISCOVERY"**

Defendants, Drexel University ("Drexel" or the "University") and Roger Kurtz ("Dr. Kurtz") (collectively, the "Drexel Defendants"), hereby oppose Plaintiff's "Emergency Motion and Supporting Brief to Extend All Deadlines and Impose a Discovery Schedule on the Parties so that Plaintiff May Complete Discovery" (Doc. 71) on the following grounds:[1]

1. Plaintiff has insisted on serving outrageously broad discovery and yet expresses irritation that the Drexel Defendants are producing responsive documents. To date, the Drexel Defendants have produced 6,464 pages of documents. Many, if not most, of these documents are email exchanges between Plaintiff and others that, while responsive to Plaintiff's voluminous Requests for Production, are not new information.

---

[1] This opposition is presented in bullet point fashion to most quickly and efficiently highlight to the Court the misrepresentations included in Plaintiff's Motion and in an effort to make this submission to the Court ahead of the parties being unavailable due to the deposition of Defendant Roger Kurtz, which is scheduled to begin at 10:00 a.m. on May 10, 2023.

2. Plaintiff's counsel has insisted on bombarding the Drexel Defendants with two sets of 23 interrogatories, five sets of 73 document requests, and at least six iterations of a Rule 30(b)(6) subpoena, which required extensive objections due to their overbroad, unduly burdensome, and disproportionate natures. Despite this bombardment – including while defense counsel was dealing with a family health crisis last Fall and on vacation in April – Plaintiff's counsel criticizes defense counsel for not getting everything done quickly enough. Defense counsel has been forced to respond to and deal with so many distractions put up by Plaintiff that it has not been feasible to complete all of the discovery requests served, despite their best efforts and a good faith effort. Nonetheless, the Drexel Defendants have continued to produce documents on a rolling basis and ahead of scheduled depositions.

3. Plaintiff's counsel appears to be playing games, where he schedules depositions and then cancels them at the last minute. To date, two depositions that were scheduled (Drs. Andrew Smith and Nathan Hanna) were canceled at the last minute – one hour prior to the deposition of Dr. Smith, and one business day prior to the deposition of Dr. Hanna) and after preparatory work had been done by Defendants.

4. Plaintiff's stated reasons for canceling the depositions – that the Drexel Defendants had "dumped" a substantial load of documents on them – is nonsense. Most of the documents produced by the Drexel Defendants leading up to the Smith and

Hanna depositions were Plaintiff's own email communications with her Drexel colleagues which, of course, she was already familiar with and had access to.

5.      The deposition of Defendant Roger Kurtz is scheduled for May 10, 2023. Although only a day prior, on May 9, Plaintiff requested that it be moved to Friday or Monday, defense counsel stated a strong preference for keeping the deposition in place, so as to not de-rail the other scheduled depositions of Dr. Peter Amato and Paul Apicella on May 12 and 15, respectively.  Of note, Plaintiff produced 146 pages of documents beginning at 5:55 p.m. on the night before Dr. Kurtz's deposition consisting of never-before-seen analyses of Plaintiff's and her colleagues' courseloads (and after Plaintiff already had been deposed on May 3, 2023).

6.      Still, no additional time for discovery is necessary, especially not 45 more days after the Drexel Defendants file their Answer to the 90-page/352-paragraph Complaint.  (The Partial Motion to Dismiss is still pending.)  By May 15 – a date through which defense counsel has agreed to extend discovery, in accordance with this Court's rules that the parties may agree amongst themselves to extend the discovery deadline so long as it does not impact other Court deadlines – Plaintiff will have taken 5 depositions (Dr. Amelia Hoover Green, Dr. Jennifer Yusin, Dr. Roger Kurtz, Dr. Peter Amato, and Paul Apicella of Drexel's OED) and served extensive written discovery. Plaintiff has had more than ample time to serve overbroad discovery and burden and harass the Drexel Defendants.

7. The Drexel Defendants' objection to producing information about tenured and tenure-track faculty outside of the Philosophy Program (Plaintiff's program) is legitimate and viable. The Department of English and Philosophy at Drexel is comprised of two distinct programs—English and Philosophy (which, at most American universities, are actually housed in separate departments). Faculty in the Philosophy Program have different requirements for tenure than faculty in the English Program. There are many more English courses offered than Philosophy courses. Only English professors may sit on search committees for English professors, and only Philosophy professors may sit on search committees for Philosophy professors. It is not meaningful to compare the salaries of English and Philosophy faculty because the job opportunities, market demand, and number of open positions vary greatly. The two programs have different and separate scheduling processes, separate curricula, separate student award programs, separate student recruitment processes, and separate standards for performance reviews. The distinct programmatic identities of English and Philosophy are clearly laid out through the catalog, the courses of study, the course schedules, and other materials on the University's website. The faculty in each program meet separately to discuss and vote on matters that are particular to their respective programs. There are presently 41 full-time faculty in the English program and 7 full-time faculty in the Philosophy Program.

8. Plaintiff is also critical of the Drexel Defendants' objections to her Rule 30(b)(6) notice, but Rule 30(b)(6) only requires information that is known or reasonably available to the Drexel Defendants. Information going back as far as 2012 is not, for

every single one of Plaintiff's approximately 30 topics, known or reasonably available to Defendants.

9. Plaintiff and her counsel have shown what they intend to do with additional time for discovery: continue to bombard and harass the Drexel Defendants with overbroad and unnecessary discovery, just for the sake of discovery and not to actually move their case forward.

Accordingly, the Drexel Defendants respectfully request that this Court deny Plaintiff's Emergency Motion to Extend Discovery and other Court deadlines.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date: May 10, 2023

/s/ Leslie Miller Greenspan
Joe H. Tucker, Jr., Esquire
Leslie Miller Greenspan, Esquire
Hillary B. Weinstein, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
Attorneys for the Drexel Defendants

## CERTIFICATE OF SERVICE

I, Leslie Miller Greenspan, Esquire certify that on this date, I caused a copy of the foregoing document to be electronically filed through the Court's ECF System and that a notice of electronic filing will be generated to the following counsel of record, thereby constituting service of the document:

Brian J. Foley, Esquire
6701 Germantown Avenue, Suite 200
Philadelphia, PA 19119

*Attorney for Plaintiff, Marilyn Gaye Piety Foley*

**TUCKER LAW GROUP, LLC**

Date:  May 10, 2023                          /s/ Leslie Miller Greenspan
                                             Leslie Miller Greenspan, Esquire