IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARILYN GAYE PIETY FOLEY** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 22-1777 |
| v. | : | |
| | : | Before the Hon. Wendy Beetlestone |
| **DREXEL UNIVERSITY** | : | United States District Judge |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S PRETRIAL MEMORANDUM

The Court cleared Plaintiff's Equal Pay Act claim for trial, having denied Defendant's motion for summary judgment on that claim on July 25, 2024. *See* ECF #170, #171. According to the Court's revised scheduling order (ECF # 177) (incorporating trial order set forth at (ECF#155) (as augmented by ECF #143)), this case is scheduled for trial on **Monday, September 23, 2024**, and Plaintiff submits her pretrial memorandum, which is due today. ECF # 143.

1. **Nature of the Action and the Basis of Jurisdiction**

Plaintiff alleges age pay discrimination in violation of the Equal Pay Act, 29 U.S.C. § 201, *et seq*. ("EPA"). The Court has original subject matter jurisdiction over the EPA claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws

of the United States and seeks redress for violations of civil rights. Plaintiff's claim is to be tried to a jury.

**The Equal Pay Act** is essentially a strict liability statute and does not require proof that Defendant intended to discriminate. All a plaintiff must show is that she received lower pay for substantially equal work. *EEOC v. Delaware Dept. of Health and Social Services*, 865 F.2d 1408 (3d Cir. 1989). "A plaintiff need not prove that she was paid less than every comparable male employee. It is enough for the plaintiff to show that there is discrimination in pay with respect to one employee of the opposite sex." Third Circuit Model Civil Jury Instructions, 11.1.1, lines 27-28. *See also Ryan v. Gen. Mach. Prod.*, 277 F. Supp. 2d 585, 596 (E.D.Pa. 2003) ("In order to prove an EPA claim, a plaintiff need only establish that she was paid differentially because of her sex with respect to a single male employee."). Equal Pay Act claims follow a two-step burden-shifting paradigm. First, the woman Plaintiff must prove that at least one male colleague was paid more than she is paid for performing "equal work" -- work of substantially equal skill, effort and responsibility, under similar working conditions. *Stanziale v. Jargowsky*, 200 F.3d 101 (3d Cir. 2000); *E.E.O.C. v. Delaware Dept. of Health and Social Services*, 865 F.2d at 1413-14. The burden then shifts to the employer to prove its compensation decisions were based on one of four affirmative defenses: (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

*Stanziale*, 200 F.3d 107, n. 6 (citing 29 U.S.C.A. § 206(d)(1)). In fact, "an employer [must] submit evidence from which a reasonable factfinder could conclude not simply that the employer's proffered reasons *could* explain the wage disparity, but that the proffered reasons *do in fact* explain the wage disparity." *Id.* at 107-108. In other words, to avoid liability, the employer must prove that its more favorable treatment of male professors was based on a factor other than sex "so clearly that no rational jury could find to the contrary." *Stanziale*, 200 F.3d at 107; *Delaware Dept. of Health*, 865 F.2d at 1414. *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 123 (4th Cir. 2018) (citing *Stanziale*, 200 F.3d at 107-08) (holding defendant's "facially gender-neutral compensation system" did not shield it from EPA liability because defendant still had discretion to "place the claimants and the comparators on different steps of the pay scale at different starting salaries" based on sex). Defendants cannot meet this burden.

2.  **Brief Statement of the Case**

Plaintiff submitted a detailed factual statement at the summary judgment stage. *See* ECF #103-1. Plaintiff incorporates that statement herein and also provides a concise summary regarding the EPA claim.

For more than 25 years, Dr. Piety has been a professor at Drexel in the Department of English & Philosophy, teaching mostly philosophy courses, and has developed an excellent international reputation as a scholar of the work of Danish existential philosopher Soren Kierkegaard and recently as the creator of the genre "Flash

Philosophy." She recently created a conference that Drexel will put on with Yale University later this year, at Yale, regarding the work of Scottish writer and theologian George MacDonald. She receives strongly positive teaching evaluations and annual reviews from her supervisors, including, since 2018, from Department Head Dr. Roger Kurtz (a defendant in this case until the Court's summary judgment rulings).

In the Department, the tenure line professors, whether they teach English or Philosophy (some teach both), **all do equal work.** They are all evaluated by Department Head Kurtz, using the same evaluation form and same standards for teaching, scholarship, and service, and have workloads designed to be comparable not only throughout the Department but throughout Drexel's College of Arts and Sciences. **This Court has already essentially ruled that under the EPA, there is no separation between the Philosophy Program and English Program, and that the faculty work do equal work in one Department**. For example, during the summary judgment argument, the Court stated: *THE COURT: Just so you are clear, the record is pretty clear to me that you cannot just focus on the program. I will be -- to the extent that the case moves ahead, it will be the department."* Summary Judgment Argument Transcript 6/11/2024 at 30:5-8. In addition, the Court recently denied Drexel's Motion *in Limine* to Preclude Plaintiff from Introducing Salary Information from Drexel's English Program. *See* ECF # #132 (Drexel Motion), ECF #145 (Piety Response), ECF #149 (Drexel Reply), ECF #152 (Piety Sur-Reply), ECF #160 (Order).

Despite that the professors do equal work, **there are pay disparities** -- between Plaintiff and *at least* one (1) male tenure line Philosophy professor, and between Plaintiff and *at least* four (4) male tenure line English professors.[1] Once those disparities are shown, the burden shifts to Drexel, to prove that the disparities are not based on sex, **which is a burden that Drexel cannot meet.**

The reason Drexel cannot meet its burden is two-fold and stems from irregularities in this case.

**(1) Rather than provide verifiable pay documents and records as Plaintiff requested, Drexel instead has provided only inadmissible rank hearsay documents regarding faculty pay, documents that were created by their own lawyer, Leslie Greenspan, Esquire, and by then-Defendant Kurtz, for the purposes of this litigation.** As a matter of law, those documents do not constitute business records, or any other hearsay exception, because they are untrustworthy. *See* FRE 803(6). Among other things, they do they not qualify as "summaries" of voluminous business records, because there is no evidence at all as to what documents these summaries purport to summarize, and there is no evidence at all as to the whether any such documents are

---

[1] These comparators based on the documents Defendants have provided are: Jacques Catudal (Philosophy), Richard Astro (English), Mark Greenberg (English), Abioseh Porter (English), and Scott Warnock (English). There may be additional comparators, but that is unknown at this point because Defendants have refused to produce verifiable pay information but have only produced only rank hearsay, and have refused to produce pay information beyond August 2023, after which further differentials may have been created, as described *infra*.

"voluminous," as the applicable rule requires. *See* FRE 1006. Indeed, throughout this case Drexel has refused to produce any actual pay documents and has likewise failed to make the original documents, whatever they might be, available for examination and/or copying as required by FRE 1006. Therefore, *Drexel* cannot offer this hearsay into evidence and thus cannot meet its requisite burden to explain the pay differentials.[2]

On the other hand, *Dr. Piety* is left stuck having to offer these documents as *admissions* by Drexel that pay disparities exist, and she will offer them for that limited purpose, *see* 801(d)(2) (statement of party opponent), but she does not want these documents to be relied on for the truth of what they assert (the purported salary numbers), because the *actual* sex-based pay disparities may well be *far worse* than these created-by-Attorney-Greenspan-and-Department-Head-Kurtz documents purport to show.[3] So any judgment in Plaintiff's favor must require that Drexel produce *actual*,

---

[2] Plaintiff does not have actual, verifiable documents because Defendants refused to produce them, and the late Judge Pratter, without explanation, denied Plaintiff's motion to compel Defendants to produce actual verifiable pay documents. *See, e.g.,* ECF #99 (Piety Motion), ECF #100 (Defendants' Response), ECF #101 (Piety Reply), and ECF # 104 (Order).

[3] Drexel's strenuous efforts to keep all pay information CONFIDENTIAL and ATTORNEY EYES ONLY (AEO), while claiming that public disclosure would harm Drexel, suggests that Drexel may not have produced accurate summaries. Throughout this litigation, after Drexel finally produced these hearsay documents, Drexel used the AEO designation to prevent Dr. Piety from seeing these documents or learning any of their contents. Her attorney, who received the documents, was unable to discuss them with her -- until Judge Beetlestone took over the case and granted, almost three months ago, Dr. Piety's motion to remove the AEO designations, long after Discovery was ended by Judge Pratter in early December and months after summary judgment briefing was completed. *See* Order ECF #157.

*verifiable documents* showing all pay as defined under the Equal Pay Act (and not mere salaries), so that Dr. Piety is not left to live with calculations based on what might be inaccurate numbers that favor Drexel and limit what Drexel should have to pay to rectify years of sex-based pay discrimination.

**(2) In two 30(b)(6) depositions, Drexel's designated spokesperson (then-Defendant, Kurtz) was under a duty to "testify about information known or reasonably available to the organization" under FRCP 30(b)(6), but he could not / would not / did not explain the differentials but offered only rank speculation and "I don't knows."** "I don't know" is not a defense, and Drexel thus cannot meet its burden of proof. ***Defendant Drexel is bound by this testimony.*** *Brand Design Co. v. Rite Aid Corp.*, C.A. 22-1174 (E.D. Pa. Mar. 18, 2024) ("Rule 30(b)(6) obligates the corporation 'to prepare its designee to be able to give binding answers' on its behalf.") (quoting *In re Linerboard Antitrust Litigation*, 237 F.R.D. 373, 382 (E.D. Pa. 2006)). It would be unfair for Drexel to be permitted now, after stonewalling, to try to explain the sex-based pay disparities at trial.

Therefore, Drexel cannot meet its legal burden to explain the differentials.

In addition, Drexel has refused to provide pay information beyond August 2023 for Department professors primarily teaching philosophy, *see* Plaintiff's Ex. 10, (D_008311), and beyond 2022 for Department professors primarily teaching English, *see* Plaintiff's Ex. 13 (D_011424), despite that Plaintiff requested pay information up to the

present and is entitled to payment up through the date of any jury verdict. *See* Third Circuit Model Civil Jury Instructions, 11.3.2.

The evidence will show that the pay discrimination in this case is willful, and that Dr. Piety is therefore entitled to the increased damages under the EPA.

### 3. Monetary and Non-Monetary Damages Claimed

For the reasons stated above, **Plaintiff has been damaged, in an unspecified amount.** According to the hearsay documents produced by Drexel (which Dr. Piety is forced to offer into evidence as admissions of a party opponent to support her claim, subject to her hearsay objection that Drexel cannot rely on them for the truth of what they assert), Drexel is paying Dr. Piety significantly less than several male faculty members. If compared to more than one male faculty member, Plaintiff must be awarded the amount of damages that compensates her for the difference between what she was paid (in both wages and benefits) and the average amount of what the comparator males were paid (in both wages and benefits) during the period starting two years before the date the lawsuit was filed through the date of the jury verdict. *See* Third Circuit Model Civil Jury Instructions, 11.3.2. Under the Equal Pay Act, if the jury finds Drexel *willfully* violated the law, Plaintiff shall be paid liquidated damages in an amount equal to three years of pay differentials (as opposed to two years). Plaintiff will

also seek pre-judgment interest, post-judgment interest, along with attorneys' fees and costs.

Again, the damages must be calculated based on actual, verifiable pay documents and not the hearsay, unverifiable documents created by Drexel and its outside lawyer Leslie Greenspan for the purposes of this litigation.

**4.** **Plaintiff's Witness List**

Plaintiff may call the following witnesses:

1) Roger Kurtz (Liability and damages, creation of hearsay pay documents)

 -Both in his own capacity

 and as 30(b)(6) spokesperson for Drexel,

 both as on cross-examination

2) Drexel University (*see #1 supra*), as on cross-examination

3) Jacques Catudal (Liability and damages - comparator)
 -former Drexel philosophy professor, as on cross-examination

4) Richard Astro (Liability and damages - comparator)
 - Drexel English professor, as on cross-examination

5) Abioseh Porter (Liability and damages - comparator)
 - Drexel English professor, as on cross-examination

6) Mark Greenberg (Liability and damages - comparator)
 - Drexel English professor, as on cross-examination

7) Scott Warnock (Liability and damages - comparator)
 - Drexel English professor, as on cross-examination

8) John Fry (Liability and damages)
   - former Drexel President, as on cross-examination

9) Pete Amato (Liability and damages)
   - Drexel Philosophy Teaching Professor and Philosophy Program Director, as on cross-examination

10) Andrew Smith (Liability and damages - comparator)
    - Drexel Philosophy professor, as on cross-examination

11) Nathan Hanna (Liability and damages - comparator)
    - Drexel Philosophy professor, as on cross-examination

12) Plaintiff, Marilyn Gaye Piety Foley (Liability and damages)

13) Leslie Greenspan, Esq. (creation of hearsay pay documents), as on cross-examination

## 5. Plaintiff's Schedule of Exhibits

Plaintiff may offer into evidence the following exhibits:

*See* attached Exhibit A.

## 6. Plaintiff's Estimate of Trial Duration

Plaintiff expects to complete her case-in-chief in one day. She respectfully reserves the **right to present rebuttal testimony** if Defendant is permitted to put on any defense, because under the Equal Pay Act (and unlike under Title VII), **Defendant has the burden of proving the pay differentials are not based on sex. Overall trial time may be reduced significantly if the Court grants forthcoming motion(s)** *in limine* **by Plaintiff, which are due this coming Monday, August 26, 2024.**

Plaintiff reserves the right to amend her PreTrial Memo, as needed, because Defendant's PreTrial Memo is not due until one week from now, August 30, *see* ECF # 177, # 155, # 143, and Defendant has the burden of proving that the pay differentials are not based on sex, and Plaintiff may need an opportunity to respond, depending on how Drexel says it plans to meet that burden and if it is permitted to do so.

7. **Special Comments Regarding Legal Issues, Stipulations, Amendments of Pleadings, or Other Appropriate Matters**

Plaintiff's anticipated trial time and witness- and exhibit lists likely will be reduced significantly if the Court grants her motion(s) *in limine*, which are due this coming Monday, August 26, 2024, pertaining to the hearsay issue, and the 30(b)(6) testimony issue, as described in Part 2, *supra.*

Respectfully submitted,

**BRIAN J. FOLEY, ATTORNEY AT LAW**

*Brian J. Foley*
BRIAN J. FOLEY, ESQUIRE
6701 Germantown Ave - Ste 200
Philadelphia, PA 19119
(267) 930-4425 v (267) 930-4425 f
*Attorney for Plaintiff*

Dated: August 23, 2024

# CERTIFICATE OF SERVICE

I, BRIAN J. FOLEY, ESQ., attorney for Plaintiff, Marilyn Gaye Piety Foley, hereby certify that on the date below that a true and correct copy of the foregoing **UNREDACTED** *Plaintiff's PreTrial Memo*, and certificate of service, were **FILED UNDER SEAL** by emailing it to the Clerk of Court at **ECF_Documents@paed.uscourts.gov** and Chambers_of_Judge_Beetlestone@paed.uscourts.gov and the following counsel of record for Defendants, and a notice of electronic filing will be generated to all counsel of record, thereby constituting service of the document:

Joe H. Tucker, Esquire
jtucker@tlgattorneys
Leslie Greenspan, Esquire
lgreenspan@tlgattorneys.com
Hillary Weinstein
hweinstein@tlgattorneys.com

Tucker Law Group
1801 Market Street, Ste 2500
Philadelphia, PA 19103 Phone: (215) 875-0609

       *Brian J. Foley*
       Brian J. Foley, Esquire

Date: August 23, 2024

Piety PreTrial Memo - August 23, 2024
Page 12 of 12

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN GAYE PIETY FOLEY, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO.: 22-cv 01777 |
| v. | : | |
| DREXEL UNIVERSITY, *et al.* | : | |
| Defendants | : | |

**Plaintiff's Amended Trial Exhibit List - August 23, 2024**

---

**August 23 Amendments are in bold**

1  How Much Has Faculty Pay Changed Over Time? *The Chronicle of Higher Education*, January 3, 2022

2  Pages 18-33 from 30(b)(6) 12/19/2023 (we may offer entire deposition and exhibits as they are on Defendant's list**, which is D-36a and D-36b)**)

3  Department Committees

4  Department Teaching policy

5  Department ByLaws

6  30-min-30(b)(6) Deposition of Drexel 2/28/2024 (we may offer entire deposition and exhibits as they are on Defendant's list**, which is D-37a and D-37b)**)

7  Department Evaluation of Scholarship

8  Confidential Pages from 12/19/23 30(b)(6) Deposition 134-164 and 1-8 index (we may offer entire deposition as it is on Defendant's list**, which is D-36a and D-36b**)

| | |
|---|---|
| 9 | Department Course Scheduling Policy |
| 10 | PHIL salaries D_8311 |
| 11 | PHIL salaries D_4595a |
| 12 | PHIL salaries D_4595b |
| 13 | ENG salaries 2018-22 D_011424 |
| 14 | Faculty Workload D_011155 |
| 15 | Pages from Kurtz Deposition May 2023 60-68, 140, 210, 78 (we may offer entire deposition and exhibits **and errata sheet** as they are on Defendant's list**, which is D-35a, D-35b, D-35c**) |
| 16 | Piety First RPF - September 8 2022 |
| 17 | Drexel Response and Objections Piety First RFP - May 15 2023 |
| 18 | Piety FARs 2017-2021 D_000046-000**100   (corrected, this is also D4 - D8)** |
| 19 | 2/23/2024 Notice for 30-min 30(b)(6) |
| 20 | Department Evaluation of Service Work |
| 21 | Flash Philosophy MP 1191 |
| 22 | Beyonce Gonzales Amazing Experience email MP 1185 |
| 23 | Piety AEFIS MP 1198-1202 |
| 24 | Piety fine leadership email 3/12/2023 MP 1330-31 |
| 25 | Audi visit email MP 1196-97 |
| 26 | Piety CV |
| 27 | 2023 FAR Performance Review Piety (9/1/2022-8/3/2023) |
| 28 | Warnock CV from Drexel website |
| 29 | Warnock Bio from Drexel website |

| | |
|---|---|
| 30 | Astro CV from Drexel website |
| 31 | Astro Bio from Drexel website |
| 32 | Porter CV from Drexel website |
| 33 | Porter Bio from Drexel website |
| 34 | Kurtz CV from Drexel website |
| 35 | Kurtz Bio from Drexel website |
| 36 | Smith CV from Drexel website |
| 37 | Smith Bio from Drexel website |
| 38 | Hanna CV from Drexel website |
| 39 | Hanna Bio from Drexel website |
| 40 | Catudal Bio from Drexel website |
| 41 | Piety Emergency Motion to Modify Confidentiality Order Remove AEO (Doc 135) |
| 42 | Drexel Response to Piety Emergency Motion to Modify Confidentiality Order (Doc 148) |
| 43 | Piety Reply ISO Emergency Motion to Modify Confidentiality Order Remove AEO (Doc 151) |
| 44 | Order Granting Plaintiff's Emergency Motion to Modify Confidentiality Order (Doc 157) |
| 45 | *Piety on Kierkegaard* blog page |
| 46 | Piety Translation of Kierkegaard *Repetition* and *Crumbs* Amazon page |
| 47 | Piety *Ways of Knowing* Amazon page |
| 48 | Drexel President Fry Email to Piety - 4/7/2024 |
| 49 | Drexel President Fry Letter to Piety - Drexel 25 Years |
| 50 | Drexel Certificate of Recognition to Piety 25 years |
| 51 | "Flash Philosophy" - *Philosophy Now* Issue 143 |

52    Piety AI Overview

53    Flash Philosophy blog pages

54    Launch Conference poster

55    Any exhibit identified on Defendant's Exhibit List (dated August 16 and any later lists)

**56    Amato Deposition (56a) and Exhibits (56b)**

**Joint Ex __    Porter Deposition (D-38a) and exhibits (D-38b) and errata sheet (D-38c)**


**57a    Drexel Motion in Limine to Preclude Plaintiff from Introducing Salary Information from Drexel's English Program  (ECF #132)**

**57b    Exhibits to 57a**

**58a    Piety Response to Drexel Motion in Limine to Preclude Plaintiff from Introducing Salary Information from Drexel's English Program (ECF #145)**

**58b    Exhibits to 58a**

**59a    Drexel Reply In Support of Drexel Motion in Limine to Preclude Plaintiff from Introducing Salary Information from Drexel's English Program   (ECF #149)**

**59b    Exhibits to 59a**

**60a    Piety Sur-Reply in Opposition to Drexel Motion in Limine to Preclude Plaintiff from Introducing Salary Information from Drexel's English Program  (ECF #152)**

**60b    Exhibits to 60a**

**61    Drexel Motion for Protective Order (ECF #48)**

**61a    Order Granting Drexel Motion for Protective Order (ECF #51)**

**62    Drexel Response and Objections to Plaintiff's Second Set of Requests for Production of Documents**

**63** Drexel Response and Objections to Plaintiff's Second Set of Interrogatories

**64** Drexel (March 7 2023) Objections to Plaintiff's Amended 30(b)(6) Deposition Notice (March 2 2023)

                                **BRIAN J. FOLEY, ATTORNEY AT LAW**

                                *Brian J. Foley*
                                BRIAN J. FOLEY, ESQUIRE
                                6701 Germantown Ave - Ste 200
                                Philadelphia, PA 19119
                                (267) 930-4425 v (267) 930-4425 f
                                *Attorney for Plaintiff*

Dated: August 23, 2024

# CERTIFICATE OF SERVICE

I, BRIAN J. FOLEY, ESQ., attorney for Plaintiff, Marilyn Gaye Piety Foley, hereby certify that on the date below that a true and correct copy of the foregoing *Plaintiff's Trial Exhibit List* was emailed to the following, attached as Exhibit A to Plaintiff's PreTrial Memo:

Joe H. Tucker, Esquire
jtucker@tlgattorneys
Leslie Greenspan, Esquire
lgreenspan@tlgattorneys.com
Hillary Weinstein
hweinstein@tlgattorneys.com

Tucker Law Group
1801 Market Street, Ste 2500
Philadelphia, PA  19103 Phone: (215) 875-0609

                                                  *Brian J. Foley*
                                                  Brian J. Foley, Esquire

Date: August 23, 2024