IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARILYN GAYE PIETY FOLEY** | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 22-1777 |
| v. | : | |
| | : | Before the Hon. Wendy Beetlestone |
| **DREXEL UNIVERSITY** | : | United States District Judge |
| | : | |
| Defendant | : | |

**Plaintiff's Motion and Memorandum of Law to Mold the Verdict to Include Drs Astro and Greenberg Whom Defendant Admitted in Sworn Testimony Did Substantially Equal Work to Dr. Piety and Because Defendant Misled Jury Into Misunderstanding Jury and Court Instructions**

Rule 59(e) allows a trial court to correct incorrect verdicts. *See Watcher v. Pottsville Area Emergency Med. Servs., Inc.*, 248 F. App'x 272, 275 (3d Cir. 2007) (citing *Mumma v. Reading Co.,* 247 F.Supp. 252, 260 (E.D.Pa.1965)). Here, the jury's response to the special interrogatories regarding whether Drs. Richard Astro and Mark Greenberg are comparators to Plaintiff was blatantly incorrect. In this motion, Plaintiff seeks only that the verdict be molded to include these two men with the other men the jurors found to be comparators and is not moving for a new trial.

The jury's response of NO to the special interrogatories asking whether Dr. Astro and Dr. Greenberg are comparators was incorrect as a matter of law, for several reasons.

**First,** as Plaintiff argued in closing, Defendant, through its corporate representative at trial, Dr. Roger Kurtz, who is also the Department Head for the Department of English & Philosophy, admitted under oath unequivocally that Drs. Astro and Greenberg, during the relevant time period, were doing "substantially equal work" to Plaintiff. The admission was supported by the fact that Dr. Kurtz admitted that these two men were not doing *any* provost work during that time period, and that this work for *all* Department professors required substantially the same skill, effort, and responsibility and was performed under similar working conditions. There is no doubt as to these facts.

**Second,** the jury obviously misunderstood the Court's jury instruction that set forth the standard for "substantially equal work." Despite the admissions by Dr. Kurtz in his sworn testimony on the stand, and Plaintiff's counsel's emphasis of these admissions in his closing, the jury did not find these men to be comparators. That makes no sense. These men were *former* provosts. Under the Equal Pay Act standard for "substantially equal work," that is an irrelevant distinction. Indeed, these two men, along with Dr. Catudal, were the *only* proposed comparators who in the relevant time period, just like Plaintiff, worked *only* as Department professors and did *no* administrative work. Indeed, these three male Department professors were the *clearest* comparators, beyond cavil.

How could the jury have misunderstood the jury instructions? The likeliest reason is that the jury was *misled* by Defendant, in several ways. Defendant put on Drexel's current provost, Robert Jensen, and had him describe his Provost duties and responsibilities in detail. To emphasize these duties, Defendant's counsel, Leslie Greenspan, for the first and only time by either lawyer in this trial, used a note pad on an easel in front of the jury to write out some of these points made in testimony. Ms. Greenspan wrote down the number of colleges and employees, etc. that Drexel has. She elicited testimony about how provosts have no time to teach or conduct research or publish, two of the three components of being a Department tenure line professor. The testimony was *ostensibly* foundation testimony to show personal knowledge of a purported "compensation review team." However, in retrospect, it is obvious that Ms. Greenspan elicited it to show the *irrelevant* contrast between the work of a Provost and Department professors. To accentuate this irrelevant contrast, Ms. *Greenspan left her notepad up in front of the jury for the rest of the trial*.

In addition, Provost Jensen then for the first time in this trial gave unequivocal testimony that former provosts were able to keep some amount of their salary after stepping down from their provost position and returning to the regular faculty, which Provost Jensen called "step down agreements."[1]  Plaintiff objected to this testimony as

---

[1] No evidence of the existence of these agreements beyond this testimony has ever been provided in this case.

yet another of the numerous, prohibited attempts by Defendant throughout this short trial to relitigate liability (by trying to set forth one of the EPA affirmative defenses), contrary to the Court's clear and repeated orders -- as liability was already established before this trial and the jury had so been instructed. The Court sustained Plaintiff's objections and then, further, instructed the jury not to consider any testimony about purported "step down agreements." Dr. Jensen left the stand almost immediately afterward.

Provost Jensen himself appeared different from any of the academic witnesses in the case (Plaintiff and Dr. Kurtz), dressed fully "corporate" from head to toe, and exuding a "corporate," not "academic," manner. The sense that Provost responsibilities are awesome and entirely different from those of a Department professor hung in the air.

The fact that these two men, Drs. Astro and Greenberg, who earlier, *before the relevant time period*, had been Provosts, had the highest salaries in the Department, *also* distinguished them from the Department professors. But the jury was not allowed to take that fact into account, because liability had already been found, meaning that these higher salaries were the result of *sex discrimination*. The jury was instructed at the outset of the case that none of the EPA defenses was available to Defendant, and, throughout the trial, Plaintiff objected to Defendant's efforts to try to argue these *irrelevant* defenses.

In her closing argument, Ms. Greenspan *continued* making this (prohibited, irrelevant) contrast, arguing *utterly falsely* that Plaintiff was trying "to compare herself to Provosts and Deans." Undersigned counsel objected, to try to correct this blatant falsehood that would likely mislead the jury, but the Court overruled it.

The jury obviously incorrectly thought that Dr. Piety was trying to compare herself to Provosts, and that Drs. Astro and Greenberg were not proper comparators because they had at one time been provosts, and that their salaries were the result of some sort of "step down agreement." The jury was obviously misled into committing theses patently obvious errors by Defendant.

**WHEREFORE,** for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant her motion and mold the verdict to include Drs. Astro and Greenberg as comparators to Plaintiff.

Respectfully submitted,

**BRIAN J. FOLEY, ATTORNEY AT LAW**

*/s/ Brian J. Foley*
BRIAN J. FOLEY, ESQUIRE
6701 Germantown Ave - Ste 200
Philadelphia, PA 19119
(267) 930-4425 v (267) 930-4425 f
*Attorney for Plaintiff*

January 30, 2025

## **CERTIFICATE OF SERVICE**

    I, BRIAN J. FOLEY, ESQ., attorney for Plaintiff, Marilyn Gaye Piety Foley, hereby certify that on the date below that a true and correct copy of the foregoing PLANTIFF'S MOTION / MEMORANDUM OF LAW TO MOLD THE VERDICT and proposed Order were filed electronically and are available for viewing and downloading from the Court's ECF system and that a notice of electronic filing will be generated to all counsel of record, thereby constituting service of the document.

                                           */s/ Brian J. Foley*
                                           Brian J. Foley, Esquire

Date: January 30, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Marilyn Gaye Piety Foley**<br>            **Plaintiff**<br><br>            **v.**<br><br>**Drexel University**<br>            **Defendants** | **CIVIL ACTION**<br><br><br>**NO. 22-cv 01777-WB** |

## ORDER

**AND NOW,** this _____ day of _____ 2024, it is **ORDERED** that Plaintiff's motion to mold the verdict is **GRANTED** to include Drs. Richard Astro and Mark Greenberg as comparators to Plaintiff.

                                            **BY THE COURT:**


                                            _____
                                            **THE HONORABLE WENDY BEETLESTONE**
                                            **UNITED STATES DISTRICT JUDGE**