IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARILYN GAYE PIETY FOLEY** | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 22-1777 |
| v. | : | |
| | : | Before the Hon. Wendy Beetlestone |
| **DREXEL UNIVERSITY** | : | United States District Judge |
| | : | |
| Defendant | : | |

**Plaintiff's Motion and Memorandum of Law Requesting that Court Calculate Damages Based Only on Highest Paid Male Comparator to Avoid Perpetuating Pay Discrimination and a Pay Glass Ceiling for Women**

Regarding the calculation of damages for what the jury found was Drexel's **willful violation** of the Equal Pay Act, Plaintiff's position is that the Court should **not** compare Dr. Piety's salary to the average of the male comparator salaries. Rather, the Court should calculate damages based **solely** on the salary of the highest paid male comparator during the relevant time period. That the parties could brief this issue was discussed at the Final PreTrial Conference in Chambers on Friday, January 24.

As the parties and the Court discussed at the Final PreTrial conference, there is no controlling Third Circuit law on this issue. The Third Circuit Model Jury Instructions make this point. *See* Third Circuit Model Civil Jury Instructions, 11.3.2. Comment, page 30 lines 1-8 (citing *Sec v. Athens Newspaper, Inc.*, 604 F. Supp. 1166, 1168-69 (M.D. Ga.

1985) as an example of a case holding that the highest paid male comparator may be used for the damages calculation). The Model Instructions note that this is a "minority view," and that there is apparently no Third Circuit authority on this issue -- and Plaintiff has found none.

Plaintiff's position is that it is appropriate and fair for the Court to calculate damages by using **only** the highest paid male comparator's salary during any relevant time period. That is because comparing a female employee plaintiff's salary to the **average** of the comparator males' salaries *perpetuates pay discrimination based on sex.* This averaging states, *as a matter of law,* that women can *never* be the highest paid employee if there is ever more than one male employee doing substantially equal work. Such averaging creates, *as a matter of law,* a glass ceiling. Such averaging means that, *as a matter of law,* no employer, paying men and women for substantially equal work, could or would, on an equal playing field, *ever* pay *any* woman the highest salary.

**That is a sexist assumption of the sort that the Equal Pay Act and federal and state anti-discrimination laws seek to abolish and indeed make** *illegal.*

Therefore, a court's stating that, as a matter of law, a woman's salary could never equal the highest salary an employer would pay men for the same work, and that she should not, as a matter of law, be paid as much as the highest paid male doing

substantially equal work, ***even as a remedy for sex discrimination***, is preposterous and denigrates women.

In addition, a court's stating that, as a matter of law, a woman's salary could *only* be the *average* of the comparator male salaries, literally declares, *as a matter of law*, that the value of the woman's work is ***mediocre*** and should only ever be compensated as such. This, again, violates all precepts of the Equal Pay Act and federal and state antidiscrimination laws.

Such a method of calculation is no remedy for sex discrimination. It perpetuates it.

**WHEREFORE,** for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant her motion and, as a remedy for the pay discrimination in this case, pay discrimination that the jury found to be a result of Drexel's **willful violation** of the Equal Pay Act, compare Dr. Piety's salary *only* to the highest-paid male comparator in order to remedy this discrimination.

Respectfully submitted,

**BRIAN J. FOLEY, ATTORNEY AT LAW**

<u>*/s/ Brian J. Foley*</u>
BRIAN J. FOLEY, ESQUIRE
6701 Germantown Ave - Ste 200
Philadelphia, PA 19119
(267) 930-4425 v (267) 930-4425 f
*Attorney for Plaintiff*

January 30, 2025

## CERTIFICATE OF SERVICE

I, BRIAN J. FOLEY, ESQ., attorney for Plaintiff, Marilyn Gaye Piety Foley, hereby certify that on the date below that a true and correct copy of the foregoing *Plaintiff's Motion and Memorandum of Law for Requesting that Court Calculate Damages Based Only on Highest Paid Comparator to Avoid Perpetuating Pay Discrimination and a Pay Glass Ceiling for Women* and proposed Order, and any separate Exhibits were filed electronically and are available for viewing and downloading from the Court's ECF system and that a notice of electronic filing will be generated to all counsel of record, thereby constituting service of the document.

                                                            */s/ Brian J. Foley*
                                                          Brian J. Foley, Esquire

Date: January 30, 2025

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Marilyn Gaye Piety Foley**<br>　　　　　　　**Plaintiff**<br><br>　　　　v.<br><br>**Drexel University**<br>　　　　　　　**Defendants** | CIVIL ACTION<br><br><br><br>NO. 22-cv 01777-WB |

## ORDER

**AND NOW,** this _____ day of _____ 2025, it is **ORDERED** that Plaintiff's Motion and Memorandum of Law for Requesting that Court Calculate Damages Based Only on Highest Paid Comparator to Avoid Perpetuating Pay Discrimination and a Pay Glass Ceiling for Women is **GRANTED** and that damages will be calculated based on the highest paid male comparator only.

　　　　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**THE HONORABLE WENDY BEETLESTONE**
　　　　　　　　　　　　　　　　　　　　　U̲NITED̲ S̲TATES̲ D̲ISTRICT̲ J̲UDGE