IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARILYN GAYE PIETY FOLEY** | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 22-1777 |
| v. | : | |
| | : | Before the Hon. Wendy Beetlestone |
| **DREXEL UNIVERSITY** | : | United States District Judge |
| | : | |
| Defendant | : | |

**<u>Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages</u>**

Drexel, which was found by the jury to have violated the Equal Pay Act **willfully,** now asks the Court to use its discretion not to double the damages as required under the Act. This request should be denied for the obvious reason that a finding of willfulness, which means that the jury found that Drexel knew or was substantially reckless in violating the Equal Pay Act, should preclude any interpretation of the events as "good faith."

An employer that violates the EPA "shall be liable" both for the unpaid compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see also Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991). A

1

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025

District Court may, however, "in its sound discretion, award no liquidated damages" or reduce the amount, "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the EPA action] was in good faith and that [the employer] had reasonable grounds for believing that [the] act or omission was not a violation of the [EPA]." 29 U.S.C. § 260. "To carry [its] burden, a defendant employer must show that [it] took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions[.]" *Cooper* at 908. An employer's failure to take "affirmative steps to ascertain the legality of its pay practices" mandates an award of liquidated damages. *Martin*, 940 F.2d at 910.

Here, there was no credible evidence whatsoever that Drexel took any such steps. There was no evidence of any review of the Department salaries to remedy sex discrimination, no evidence of consultations with attorneys or any EPA specialists, no evidence of communications among Drexel employees about any concern over the massive pay differentials in this case. There was mention of some sort of "compensation review team," but Drexel's corporate representative and Department Head could not even name any members of the team. There was no testimony that the team did any review of the massive sex-based pay differentials that were revealed in this case, nor

2

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025

any presentation of any policy concerning the computation of compensation to avoid sex discrimination.

**Moreover, there was plenty of evidence of willfulness and outright** *bad faith***.** The pay discrepancies alone are obvious evidence of sex discrimination. So was the drip-drip-drip production of pay information in the case, which Plaintiff showed in the cross-examination of Drexel's corporate representative and Department Head Roger Kurtz was obviously calculated to hide EPA violations, such as the massive difference between Catudal and Piety, and then, later, the raise Drexel paid Andrew Smith, which brought his base salary well over Piety's. The English salaries were not given until relatively late, because that information showed sex-based differentials. The administrative supplements were not shown until *after* the judgment of liability; until then, it was impossible to disentangle administrative work from what was only then revealed as base salary. That omission was so that Plaintiff would think she could not compare her salary to several of the male professors that the jury found *are* proper comparators.

The testimony of Megan Wyler and Rose Flavin showed that those two Drexel employees, along with outside counsel Ms. Greenspan and Drexel in-house counsel Juhwon Lee, conspired to perpetrate a fraud on the Court on the eve of trial this past

3

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025

September. The fraud was to claim that, when asked by Plaintiff during a Court-ordered meeting on Zoom on September 20, 2024 to provide access to W-2s, they were unable to obtain them, because only Rose Flavin, head of Payroll, *of all employees at Drexel*, could do so, and they were unable to reach Rose Flavin. It is not credible, according to Rose Flavin herself, that Ms. Weyler, the highest-ranking HR person at Drexel, did not know that she could call just call over to the Payroll office, as opposed to having to contact Ms. Flavin herself and only Ms. Flavin, to access W-2s.

The testimony of Rose Flavin showed, however, that Weyler, Greenspan, and Lee simply could have called Payroll around lunchtime that Friday, where all employees are able to access W-2s, and could have provided the Court-ordered access to them at that time. Ms. Flavin testified that all seven (7) members of her staff, and two (2) IT employees, could access W-2s. Moreover, Rose Flavin testified in contradiction to Ms. Weyler that, in fact, Ms. Weyler did not email Ms. Flavin and get a vacation response but rather that Ms. Weyler actually phoned or texted Ms. Flavin, and that Ms. Flavin actually joined the Zoom meeting around lunchtime, after Plaintiff had left the meeting after being refused access to W-2s, and that Ms. Flavin actually could have, then and there, accessed the W-2s. They simply could have contacted Plaintiff and shown them. But they did not. Instead, these three Drexel employees and their counsel created a false

4

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025

narrative of how no one but Rose Flavin could access these documents and how she was unavailable until only later in the day, when Drexel finally reached her and had her access and send mere PDFs of the W-2s purportedly pulled from the database.

Ms. Flavin testified that the Declaration of hers that was submitted as an exhibit to Drexel's Motion for Reconsideration of the judgment of liability, which supported the false narrative, was written by Ms. Greenspan. The Declaration omitted the meeting that Flavin had had with Weyler, Greenspan, and Lee around lunchtime on September 20.

It is ludicrous that such conduct, minus any evidence that Drexel ever tried to comply with the EPA regarding the Department salaries, could lead any Court to conclude that Drexel acted in "good faith" and thus should not have to compensate Plaintiff with the mandatory double damages. Moreover, if employers are able to get away with paying only the pay lost to discrimination, without any mandatory punitive doubling, employers will be incentivized to pay women less and hope they do not get caught, and know that, if they do get caught, they will only have to make up the difference. That is contrary to the anti-discriminatory spirit that animates the Equal Pay Act.

5

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025

Therefore, Drexel's request that this Court conclude that Drexel acted in good faith should be rejected.

6

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025

Respectfully submitted,

**BRIAN J. FOLEY, ATTORNEY AT LAW**

*/s/ Brian J. Foley*
BRIAN J. FOLEY, ESQUIRE
6701 Germantown Ave - Ste 200
Philadelphia, PA 19119
(267) 930-4425 v (267) 930-4425 f
*Attorney for Plaintiff*

January 30, 2025

# CERTIFICATE OF SERVICE

I, BRIAN J. FOLEY, ESQ., attorney for Plaintiff, Marilyn Gaye Piety Foley, hereby certify that on the date below that a true and correct copy of the foregoing *Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages* were filed electronically and are available for viewing and downloading from the Court's ECF system and that a notice of electronic filing will be generated to all counsel of record, thereby constituting service of the document.

7

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025

                                                */s/ Brian J. Foley*
                                                Brian J. Foley, Esquire

Date: January 30, 2025

8

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025

9

Plaintiff's Response to Drexel's Request that the Court Find It Acted in Good in Violating the Equal Pay Act, a Violation the Jury Found to be Willful, and Deprive Plaintiff of the Mandatory Doubling of Damages – January 30, 2025