IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN GAYE PIETY FOLEY | : CIVIL ACTION NO.: |
| | : 2:22-cv-01777-WB |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DREXEL UNIVERSITY and | : |
| ROGER KURTZ, | : |
| | : |
| Defendants. | : |

**BRIEF IN SUPPORT DEFENDANT DRXEL UNIVERSITY'S
MOTION FOR APPROVAL OF SUPERSEDEAS BOND
AND STAY OF JUDGMENT UNDER RULE 62(d)**

Defendant, Drexel University, by and through its counsel, Lamb McErlane PC and Tucker Law Group, hereby submits this brief in support of its motion for approval of a supersedeas bond in the amount of $425,992.10 issued by U.S. Specialty Insurance Company and for a stay of execution on and any proceedings to enforce the January 31, 2025 judgment in the above-captioned matter[1] pending the outcome of post-trial motions and appellate review.  For the reasons set forth below, Drexel requests that this Honorable Court grant the motion, approve the supersedeas bond, and issue a stay of execution of the judgment and proceedings to enforce it pending the outcome of post-trial motions and any appeal.

*Procedural History/Statement of Facts*

On September 23, 2024, the Court entered a judgment for liability for Plaintiff and against Drexel.  (ECF No. 220).  The matter proceeded to a jury trial as to willfulness and damages from

---

[1] The judgment was entered only against Drexel University.  Prior to trial, summary judgment was granted in favor of Roger Kurtz.  The instant motion is therefore filed on behalf of Drexel University only.

1

January 27 to 29, 2025. (*See* ECF Nos. 248, 249, and 251). On January 29, 2025, the jury returned its verdict. (*See* ECF No. 252). The Court ordered entry of judgment in favor of Plaintiff and against Drexel in the amount of $354,993.42 on January 31, 2025. (ECF No. 261). Drexel filed a post-trial motion (ECF No. 271), and Plaintiff filed a fee petition (ECF No. 266) that Drexel opposed (ECF No. 274), both of which remain pending. Drexel also filed a motion for a stay of execution and proceedings to enforce the January 31, 2025 judgment without the requirement of filing a bond or other security. (ECF No. 269). That motion was denied by an order issued March 3, 2025. (ECF No. 277). The March 3, 2025 order preserved an interim stay through March 10, 2025 to permit Drexel to obtain a supersedeas bond and file this motion. (*Id.*).

Drexel now moves for approval of the supersedeas bond it has obtained and for a stay of execution on or proceedings to enforce the judgment entered January 31, 2025, pending the determination of Drexel's post-trial motions and the resolution of any appeal from the judgment.

*Statement of Question Involved*

Should this Court grant Drexel's motion for approval of its supersedeas bond and for a stay of execution on the judgment entered January 31, 2025, and proceedings to enforce it, pending post-trial motions and appeal?

*Suggested Answer: Yes.*

*Argument*

A. *This Court should grant Drexel's motion, approve Drexel's supersedeas bond, and issue a stay of execution on the judgment entered January 31, 2025, and proceedings to enforce it, pending determination of post-trial motions and appellate review.*

1. *Fed. R. Civ. P. 62.*

This motion for approval of a supersedeas bond and for stay of execution on the judgment entered January 31, 2025, and proceedings to enforce it, pending post-trial motions and appeal, is

made pursuant to Federal Rule of Civil Procedure 62. Rule 62(d) "entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond." *FTC v. NHS Sys., Inc.*, 2009 WL 4729893, at *1 (E.D. Pa. Dec. 10, 2009) (quoting *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992)). To obtain a stay after the 30 days from the date of the judgment have expired, a party must normally provide a bond or other security. *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."). A supersedeas bond "should generally be sufficient in amount to satisfy the judgment, plus interest and costs." *Evergreen Cmty. Power LLC v. Riggs Distler & Co.*, 2012 WL 2974891, at *1 (E.D. Pa. July 19, 2012). Additionally, "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). Under the Pennsylvania Rules of Appellate Procedure, "an appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid." Pa.R.A.P. 1731(a). "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

    2.    *This Court Should Approve Drexel's Bond Pursuant To Rule 62(d) And Order That Execution On And Proceedings To Enforce The Judgment Be Stayed*

Drexel has obtained an adequate bond under Rule 62(d), and respectfully requests that this Court approve the bond and order that the Judgment be stayed pending final resolution of post-trial motions and appellate proceedings. A copy of the executed bond, which is dated March 5, 2025, is attached hereto as Exhibit A. Drexel stands ready to deposit the original of the bond with the Clerk's Office upon this Court's approval of the bond as adequate security.

3

> a. *The bond is proper as to amount, the identity of the issuing surety, and form.*

*First*, the amount of the bond is "sufficient." *Evergreen*, 2012 WL 2974891, at *1. The total amount covered by the bond is $425,992.10. The amount of the bond is in excess of 120% of the face value of the judgment, *viz.* $425,992.10 ÷ $354,993.42 = 1.20 (*i.e.*, 120%). Under Pennsylvania Rule of Appellate Procedure 1731(a), made applicable by Federal Rule of Civil Procedure 62(f), the posting of a bond in the amount of 120% of the amount found due and remaining unpaid entitled the appellant to an automatic supersedeas. Fed. R. Civ. P. 62(f); Pa.R.A.P. 1731(a); *see also Evergreen*, *supra* (approving a supersedeas bond in the amount of 120% of the judgment); *Cashman Equip. Corp. v. United States Fire Ins. Co.*, 2008 U.S. Dist. LEXIS 95657 (E.D. Pa. 2008) (approving a bond in an amount just under 119% of the judgment); *cf. Fleming Steel Co. v. W.M. Schlosser Co.*, 2008 U.S. Dist. LEXIS 85444, at *6 & n.4 (W.D. Pa. 2008) (noting approval of a bond in the amount of 120% of the judgment, by borrowing from Pennsylvania practice). Moreover, the bond is large enough to satisfy the Judgment, as well as estimated post-judgment interest at the statutory rate for eighteen months.[2] *Evergreen*, *supra* at *1. Drexel notes that courts in this district have found acceptable in the past bonds that cover only one year of post-judgment interest. *See, e.g.*, *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 895 F. Supp. 83, 85 (E.D. Pa. 1995).

---

[2] Using the formula for calculating post-judgment interest found at https://nysd.uscourts.gov/forms/how-calculate-post-judgment-interest, and the 4.19% post-judgment interest rate for a judgment entered January 31, 2025 found at https://www.casb.uscourts.gov/post-judgment-interest-rates-2025, eighteen months of post-judgment interest would amount to $22,311.37. The bond in the amount of $425,992.10 substantially exceeds the $377,304.61 combined total of the face value of the judgment plus eighteen months of post-judgment interest on the judgment.

*Second*, there is no question about the financial solvency of the surety. The supersedeas bond was issued by U.S. Specialty Insurance Company, which is on the United States Treasury's list of approved sureties. *See* List of Certified Companies, U.S. Department of the Treasury, https://fiscal.treasury.gov/surety-bonds/list-certified-companies.html#u; *see also Cashman Equip. Corp. v. United States Fire Ins. Co.*, 2008 WL 5000355, *3-4 (E.D. Pa. Nov. 21, 2008) (discussing significance of certification of surety companies by the United States Department of the Treasury in accordance with 31 U.S.C. §§ 9304-06).

*Third*, the form of the bond guarantees payment of the January 31, 2025 judgment to Plaintiff at the conclusion of appellate proceedings if the judgment is affirmed (or, if the judgment is modified on appeal, payment of the judgment as so modified).

      b. *Plaintiff does not object to the form or amount of the bond.*

Prior to bringing this motion, Drexel's counsel provided a copy of the bond to Plaintiff's counsel and sought Plaintiff's consent to the form and adequacy of the bond. Plaintiff's counsel has informed Drexel's counsel that Plaintiff has no objection the form and amount of the bond as it relates to the judgment entered January 31, 2025.

*Conclusion*

For all of the foregoing reasons, Drexel respectfully submits that this Court should grant Drexel's motion, approve the bond submitted by Drexel, and order a stay of execution on the judgment entered January 31, 2025, and proceedings to enforce it, pending the final resolution of post-trial motions and any appeal.

Respectfully submitted,

| **LAMB McERLANE PC** | **TUCKER LAW GROUP** |
|---|---|
| By: */s/ Maureen M. McBride*<br>Maureen M. McBride<br>Attorney I.D. No. 57668<br>24 East Market Street, Box 565<br>West Chester, PA 19381-0565<br>(610) 430-8000<br>mmcbride@lambmcerlane.com | By: */s/ Leslie Miller Greenspan*<br>Joe H. Tucker, Jr.<br>Leslie Miller Greenspan<br>Hillary B. Weinstein<br>Attorney I.D. Nos. 56617/91639/209533<br>Ten Penn Center<br>1800 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>(215) 875-0609<br>jtucker@tlgattorneys.com<br>lgreenspan@tlgattorneys.com<br>hwesinstein@tlgattorneys.com |

Date: March 7, 2025

*Attorneys for Defendant, Drexel University*