IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN GAYE PIETY FOLEY<br><br>Plaintiff,<br><br>v.<br><br>DREXEL UNIVERSITY and ROGER KURTZ,<br><br>Defendants. | : CIVIL ACTION NO.:<br>: 2:22-cv-01777-WB<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**BRIEF IN SUPPORT DEFENDANT DREXEL UNIVERSITY'S
MOTION FOR APPROVAL OF SUPERSEDEAS BOND
AND STAY OF JUDGMENT UNDER RULE 62(d)**

Defendant, Drexel University, by and through its counsel, Lamb McErlane PC and Tucker Law Group, hereby submits this brief in support of its motion for approval of the rider increasing by $655,805.38 (*i.e.*, 120% of the $546,504.48 combined total of attorney's fees and costs awarded in the Court's July 31, 2025 order (ECF No. 297)) the supersedeas bond in the amount of $425,992.10 issued by U.S. Specialty Insurance Company, as surety, and approved by the Court's March 10, 2025 order (ECF No. 280), and for a stay of enforcement of and execution on the Court's July 31, 2025 order awarding Plaintiff attorney's fees in the amount of $540,543.60, and costs in the amount of $5,960.88 (ECF No. 297) in the above-captioned matter[1] pending the outcome of appellate review. For the reasons set forth below, Drexel requests that this Honorable Court grant the motion, approve the rider to the supersedeas bond, and issue a stay of execution of the award of attorney's fees and costs and proceedings to enforce it pending the outcome of appellate review.

---

[1] Both the judgment (ECF No. 261) and the award of attorney's fees and costs (ECF No. 297) were entered only against Drexel University. Prior to trial, summary judgment was granted in favor of Roger Kurtz. The instant motion is therefore filed on behalf of Drexel University only.

*Procedural History/Statement of Facts*

On September 23, 2024, the Court entered a judgment for liability for Plaintiff and against Drexel. (ECF No. 220). The matter proceeded to a jury trial as to willfulness and damages from January 27 to 29, 2025. (*See* ECF Nos. 248, 249, and 251). On January 29, 2025, the jury returned its verdict. (*See* ECF No. 252). The Court ordered entry of judgment in favor of Plaintiff and against Drexel in the amount of $354,993.42 on January 31, 2025. (ECF No. 261). Drexel filed a post-trial motion (ECF No. 271), and Plaintiff filed a fee petition (ECF No. 266) that Drexel opposed (ECF No. 274). Drexel posted a supersedeas bond in the amount of $425,992.10 issued by U.S. Specialty Insurance Company, as surety, which was approved by the Court's March 10, 2025 order (ECF No. 280), to stay the judgment pending the outcome of Drexel's post-trial motion and appellate review.

The Court denied Drexel's post-trial motion by order entered April 8, 2025 (ECF No. 290). Drexel timely appealed the judgment to the United States Court of Appeals for the Third Circuit (ECF No. 292). The Court then granted, in part, Plaintiff's application for attorney's fees and costs, awarding Plaintiff attorney's fees in the amount of $540,543.60, and costs in the amount of $5,960.88 (ECF No. 297). Drexel intends to file a Notice of Appeal of that award, and will do so within thirty days of the date of entry of that award.

Drexel now moves for approval of the rider to the previously approved supersedeas bond. The rider increases the amount of security by $655,805.38 (*i.e.*, 120% of the $546,504.48 combined total of attorney's fees and costs awarded in the Court's July 31, 2025 order (ECF No. 297), and for a stay of execution on or proceedings to enforce the order awarding attorney's fees and costs (ECF No. 297) pending the outcome of Drexel's appeals of the judgment and award of attorney's fees and costs. Prior to filing this motion, Drexel's counsel forwarded the rider for which approval is sought

2

to Plaintiff's counsel, who graciously indicated that Plaintiff has no objection to the form or amount of the rider, and leaves it to the Court to determine whether to grant the requested relief.

*Statement of Question Involved*

Should this Court grant Drexel's motion for approval of the rider to its supersedeas bond and for a stay of execution on the award of attorney's fees and costs judgment entered July 31, 2025, and proceedings to enforce it, pending the outcome of appellate review?

*Suggested Answer: Yes.*

*Argument*

A. *This Court Should Grant Drexel's Motion, Approve the Rider to Drexel's Supersedeas Bond, and Issue a Stay of Execution on the Award of Attorney's Fees and Costs Entered July 31, 2025, and Proceedings to Enforce It, Pending the Outcome of Appellate Review.*

   1. *Fed. R. Civ. P. 62.*

This motion for approval of the rider to Drexel's previously approved supersedeas bond and for stay of execution on the award of attorney's fees and costs entered July 31, 2025, and proceedings to enforce it, pending the outcome of appellate review, is made pursuant to Federal Rule of Civil Procedure 62. Rule 62(d) "entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond." *FTC v. NHS Sys., Inc.*, 2009 WL 4729893, at *1 (E.D. Pa. Dec. 10, 2009) (quoting *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992)). To obtain a stay after the 30 days from the date of the judgment have expired, a party must normally provide a bond or other security. *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."). A supersedeas bond "should generally be sufficient in amount to satisfy the judgment, plus interest and costs." *Evergreen Cmty. Power LLC v. Riggs Distler & Co.*, 2012 WL 2974891, at *1 (E.D. Pa. July 19, 2012). Additionally, "[i]f a judgment is a lien on the judgment debtor's property under the law of the

state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). Under the Pennsylvania Rules of Appellate Procedure, "an appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid." Pa.R.A.P. 1731(a). "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

> 2. *This Court Should Approve Drexel's Bond Pursuant to Rule 62(d) and Order That Execution on and Proceedings to Enforce the Award of Attorney's Fees and Costs Be Stayed*

Drexel has obtained an adequate rider increasing the previously approved supersedeas bond under Rule 62(d), and respectfully requests that this Court approve the rider and order that the award of attorney's fees and costs be stayed pending final resolution of appellate proceedings. A copy of the executed bond, which is dated August 7, 2025, is attached hereto as Exhibit A. Drexel stands ready to deposit the original of the bond with the Clerk's Office upon this Court's approval of the rider as adequate security.

> a. *The bond is proper as to amount, the identity of the issuing surety, and form.*

*First*, the amount of the bond is "sufficient." *Evergreen*, 2012 WL 2974891, at *1. The total amount of attorney's fees and costs covered by the rider is $546,504.48. The amount of the bond is in excess of 120% of the face value of the judgment, *viz.* $655,805.38 ÷ $546,504.48 = 1.20 (*i.e.*, 120%). Under Pennsylvania Rule of Appellate Procedure 1731(a), made applicable by Federal Rule of Civil Procedure 62(f), the posting of a bond in the amount of 120% of the amount found due and remaining unpaid entitled the appellant to an automatic supersedeas. Fed. R. Civ. P. 62(f); Pa.R.A.P. 1731(a); *see also Evergreen*, *supra* (approving a supersedeas bond in the

amount of 120% of the judgment); *Cashman Equip. Corp. v. United States Fire Ins. Co.*, 2008 U.S. Dist. LEXIS 95657 (E.D. Pa. 2008) (approving a bond in an amount just under 119% of the judgment); *cf. Fleming Steel Co. v. W.M. Schlosser Co.*, 2008 U.S. Dist. LEXIS 85444, at *6 & n.4 (W.D. Pa. 2008) (noting approval of a bond in the amount of 120% of the judgment, by borrowing from Pennsylvania practice). Moreover, the rider is sufficient to satisfy the award of attorney's fees and costs, as well as estimated post-judgment interest at the statutory rate for eighteen months.[2] *Evergreen*, *supra* at *1. Drexel notes that courts in this district have found acceptable in the past bonds that cover only one year of post-judgment interest. *See, e.g.*, *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 895 F. Supp. 83, 85 (E.D. Pa. 1995).

*Second*, there is no question about the financial solvency of the surety. The supersedeas bond was issued by U.S. Specialty Insurance Company, which is on the United States Treasury's list of approved sureties. *See* List of Certified Companies, U.S. Department of the Treasury, https://fiscal.treasury.gov/surety-bonds/list-certified-companies.html#u; *see also Cashman Equip. Corp. v. United States Fire Ins. Co.*, 2008 WL 5000355, *3-4 (E.D. Pa. Nov. 21, 2008) (discussing significance of certification of surety companies by the United States Department of the Treasury in accordance with 31 U.S.C. §§ 9304-06).

*Third*, the rider follows the form of the bond, which guarantees payment to Plaintiff at the conclusion of appellate proceedings if the judgment is affirmed (or, if the judgment is modified on appeal, payment of the judgment as so modified).

---

[2] Using the formula for calculating post-judgment interest found at https://nysd.uscourts.gov/forms/how-calculate-post-judgment-interest, and the 4.05% post-judgment interest rate for an award of attorney's fees and costs entered July 31, 2025 found at https://www.casb.uscourts.gov/post-judgment-interest-rates-2025, eighteen months of post-judgment interest would amount to $33,230.47. The rider in the amount of $655,805.38 substantially exceeds the $579,734.95 combined total of the face value of the award of attorney's fees and costs plus eighteen months of post-judgment interest on that award.

      b. *Plaintiff does not object to the form or amount of the rider.*

Prior to bringing this motion, Drexel's counsel provided a copy of the rider to Plaintiff's counsel and sought Plaintiff's consent to the form and adequacy of the rider. Plaintiff's counsel has informed Drexel's counsel that Plaintiff has no objection the form and amount of the rider as it relates to the award of attorney's fees and costs entered July 31, 2025.

*Conclusion*

For all of the foregoing reasons, Drexel respectfully submits that this Court should grant Drexel's motion, approve the rider submitted by Drexel, and order a stay of execution on the award of attorney's fees and costs entered July 31, 2025, and proceedings to enforce it, pending the final resolution of Drexel's appeals of the judgment and award of attorney's fees and costs.

Respectfully submitted,

| **LAMB McERLANE PC** | **TUCKER LAW GROUP** |
|---|---|
| By: */s/ Maureen M. McBride*<br>Maureen M. McBride<br>Attorney I.D. No. 57668<br>24 East Market Street, Box 565<br>West Chester, PA 19381-0565<br>(610) 430-8000<br>mmcbride@lambmcerlane.com | By: */s/ Joe H. Tucker, Jr.*<br>Joe H. Tucker, Jr.<br>Hillary B. Weinstein<br>Attorney I.D. Nos. 56617/209533<br>Ten Penn Center<br>1800 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>(215) 875-0609<br>jtucker@tlgattorneys.com<br>hwesinstein@tlgattorneys.com |

Date: August 15, 2025

*Attorneys for Defendant, Drexel University*